FILED
U.S. District Court
District of Kansas
10/29/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEMAL ABAZALIEV,

Petitioner,

v.

JACOB WELSH, Sheriff, Chase County;
Field Office Director, ICE ERO;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3375-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **November 10, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.[1]

Petitioner, a native of Russia, was paroled into the United States in 2022 and has resided in the United States since that time. On September 19, 2026, immigration officials

[1] In addition, the Court **grants** petitioner's motion for leave to file an unverified traverse (Doc. # 8); the proposed traverse is deemed timely filed, and the Court has considered it in ruling on the petition.

detained petitioner, and he is presently in custody in this judicial district. On October 1, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. Petitioner thus claims that his detention without any consideration of his release on bond violates these statutes.

In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into

the United States and who has pursued an application for asylum. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Khudyi*, and they therefore acknowledge that the reasoning of that case would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's requests for release or for a bond hearing under particular terms. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). The Court does not agree with petitioner that the immigration court's initial rejection of petitioner's request for a bond hearing or the fact that petitioner was previously released upon entry into the United States distinguishes this case from the Court's prior cases or justifies release instead of provision of the denied process. Nor is the Court persuaded that circumstances particular to this petitioner justify a heightened or

shifted burden at the bond hearing. *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.) (concluding that due process does not require that the Government bear the burden of proof at a bond hearing under Section 1226(a)). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **November 10, 2026**.[2]

Petitioner appears to argue in a separate claim that he was entitled to certain process at or prior to the time of his re-detention after previously having been released, although he has not identified any particular process of which he was deprived other than a bond hearing. For the same reasons set forth in *Singh v. Mackey*, 2026 WL 2823307, at *2 (D. Kan. Sept. 21, 2026) (Lungstrum, J.) – which petitioner has not meaningfully distinguished – the Court concludes that petitioner was not entitled to any process beyond that afforded under Section 1226(a), and it therefore denies any such claim.

Finally, petitioner has not controverted the Government's evidence that he was detained pursuant to an administrative warrant. The Court therefore denies any claim by petitioner based on the absence of a warrant.

---

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **November 10, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for leave to file an unverified traverse (Doc. # 8) is hereby **granted**, and the proposed traverse is deemed filed.

IT IS SO ORDERED.

Dated this 29th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge